Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED

Feb 01 2013, 9:02 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ELIZABETH A. BELLIN**
Cohen Law Offices
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

THERESA PRESSINELL,                )
                                   )
    Appellant-Defendant,           )
                                   )
        vs.                     )     No. 20A03-1206-CR-267
                                   )
STATE OF INDIANA,                  )
                                   )
    Appellee-Plaintiff.            )

APPEAL FROM THE ELKHART CIRCUIT COURT
The Honorable Terry C. Shewmaker, Judge
Cause No. 20C01-0605-FA-39

**February 1, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHEPARD, Senior Judge**

Appellant Theresa Pressinell pled guilty to two counts of dealing in methamphetamine, and the trial court sentenced her to concurrent terms of thirty-five years. She asks us to review and revise her sentence. We affirm.

## FACTS AND PROCEDURAL HISTORY

An individual cooperating with the Elkhart County Interdiction and Covert Enforcement Unit made two controlled buys from Pressinell during April and May 2006. This individual had been working with the authorities for some time and had purchased meth from Pressinell in the past.

Based on these two purchases, the police obtained a search warrant for Pressinell's home. Executing the warrant proved something of a challenge. The occupants would not open the door, and the police found it necessary to use a ram. Once inside, they found numerous clear plastic bags containing altogether some twenty-three grams of meth, which Pressinell acknowledged were hers. The officers also discovered digital scales and multiple items of paraphernalia. They arrested Pressinell at the scene.

The State filed three counts: two class A felony counts alleging dealing in meth and one class B felony count also alleging dealing in meth. In accordance with an agreement, Pressinell pled guilty to the two class A charges, in return for dismissal of the class B charge and the promise that the penalties for the two counts would be concurrent and capped at thirty-five years.

## ISSUE

Was the penalty of thirty-five-year concurrent sentences inappropriate?

2

DISCUSSION AND DECISION

Pressinell seeks reduction of her sentence, citing this Court's authority to review and revise a sentence when an appellant demonstrates that the sentence is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). In assessing such a claim, we consider the culpability of the offender, the severity of the crime, the injury or damage done to others, and anything else that might be relevant. Cardwell v. State, 895 N.E.2d 1219 (Ind. 2008).

The trial court's sentencing order described the circumstances it deemed important to the ultimate sentence. The court noted the defendant's previous criminal record: one failure to appear, two misdemeanors, and one felony. This last conviction was, like the current ones, for a meth offense, and she had been given a ten-year suspended sentence with two years of probation. The court observed that the probation afforded the defendant had been wholly unsuccessful.

The court also noted that the defendant had been conducting her meth business in a home where two juveniles lived (indeed, it was Pressinell's thirteen-year-old son who first approached the door when the police came to the home). It observed that the defendant had an addiction problem and it recognized her acceptance of responsibility, but the court concluded that all things considered the appropriate sentence was just above the thirty-year advisory sentence embodied in the Code for class A felonies. Ind. Code § 35-50-2-4 (2005).

Pressinell contends that the purchaser who was cooperating with the police was motivated by the chance to mitigate his own legal problems, taking advantage of what he

knew to be her addiction. She also says that there was no evidence she was selling to persons other than the purchaser in this case. Appellant's Br. p. 10. This contention that the trial court wrongly omitted mitigating circumstances is analyzed in accordance with abuse of discretion. Anglemyer v. State, 868 N.E.2d 482 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218 (2007). The State replies that there was no evidence presented at the sentencing hearing on these points, only argument by counsel. *See* Tr. pp. 37-38. As far as whether Pressinell was selling only to this purchaser, the evidence indicates she was supplying meth to a dealer and dealing to numerous individuals in the Goshen area. Appellant's App. p. 60. In any event, the trial court could well have regarded the volume of meth in the home and its existence in a good many packages as contradicting her claim. We see no abuse of discretion as respects the trial court's findings on this point.

Counsel also urges that appellant's acceptance of responsibility and her relapse into the world of drugs are grounds for a reduced sentence. The trial court, of course, did explicitly take these into account in determining the sentence.

The range of sentencing available for these two class A offenses was twenty to fifty years, with the advisory sentence at thirty. We are not persuaded that the trial court's imposition of thirty-five years was inappropriate.

CONCLUSION

We affirm the judgment of the trial court.

MAY, J., and BRADFORD, J., concur.

4